UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————X

ELIOT S. SASH,

                Petitioner,

   -against-

WARDEN PAUL LAIRD; FEDERAL BUREAU
OF PRISONS; THE UNITED STATES
MARSHALS SERVICE; and, DOES #1 - 25,

                Respondents.

——————————————————————————X

**MEMORANDUM AND ORDER**
06-CV-6052 (LB)

**BLOOM, United States Magistrate Judge:**

Petitioner, Eliot S. Sash,[1] files this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or, in the alternative, a writ of mandamus. The parties have consented to entry of judgment by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Docket entry 8. For the reasons discussed below, the petition is dismissed.

---

[1] Petitioner is a frequent filer in the federal courts in this Circuit. The Honorable Sidney H. Stein recently barred petitioner from filing any new action *in forma pauperis* pursuant to the three strikes rule, 28 U.S.C. § 1915(g), finding that, "Sash has sixteen federal actions, ranging from several suits against former attorneys for malpractice to suits against prison officials to suits for false arrest. Several of these cases have been dismissed for failure to state a claim upon which relief can be granted, . . .; for lack of subject matter jurisdiction, . . .; or for failure to meet the requirements of a habeas petition . . . . Sash has also taken appeals that the Second Circuit has determined 'lack an arguable basis in fact or law,' . . . even after district judges had concluded that any appeal would not be taken in good faith . . . ." Sash v. Plummer, 07 Civ. 5536 (SHS), 2008 WL 2229832, at *2 (S.D.N.Y. May 27, 2008) (internal citations omitted).

1

## BACKGROUND

At the time the instant action was filed, petitioner was serving a 24 month sentence at the Metropolitan Detention Center ("MDC") in Brooklyn, New York for violating the terms of his supervised release stemming from petitioner's criminal conviction in the United States District Court for the Southern District of New York. See United States v. Sash, 02 CR. 1519 (RCC), 444 F.Supp.2d 224 (S.D.N.Y. 2006). Petitioner seeks to transfer out of the MDC and "to compel the Defendants to immediately designate and place the Petitioner into an approved correctional facility at which the Petitioner can receive necessary medical care and treatment." Pet. at 1, ¶ 1. By letter dated December 28, 2006, petitioner informed the Court that he had been transferred to Allenwood Correctional Institution in White Deer, Pennsylvania, a low security correctional institution. Petitioner's letter states that "[a]lthough the Defendants have in fact transferred me, the facility [where] I am now at is not a medical facility and the Defendants are deliberately and maliciously delaying my receiving necessary medical treatments." See Docket entry 7. Although the Court's docket sheet for this case still lists Allenwood Correctional Institution as petitioner's current address, the Court takes judicial notice that the Federal Bureau of Prisons website lists petitioner as being released from custody on November 30, 2007. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IR N&IDNumber=34896-054&x=395&y=290 (last visited July 16, 2008).

## DISCUSSION

Place of Confinement

A petition challenging the manner of execution of an inmate's sentence is properly

brought pursuant to 28 U.S.C. § 2241. Levine v. Apker. 455 F.3d 71, 78 (2d Cir. 2006); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Challenges to the execution of a sentence typically include matters such as "prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). However, Congress has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. 18 U.S.C. § 3621; 18 U.S.C. § 4082. The Bureau of Prisons ("BOP") has "sole discretion" to determine the facility in which a federal prisoner should be placed. United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." Gissendanner v. Menifee, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, petitioner does not have a right to be relocated and petitioner's confinement to any particular facility is within the sole discretion of the BOP.

Exhaustion

Moreover, federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief pursuant to § 2241. Carmona, 243 F.3d at 634. The exhaustion requirement may only be waived when administrative remedies "'would either be futile or render the legal issue moot.'" Caminero v. Bureau of Prisons, 06-CV-3254 (JBW), 2007 WL 1695158, at *1 (E.D.N.Y. June 12, 2007) (quoting Goren v. Apker, No. 05 Civ 9006, 2006 WL 1062904, at *4 (S.D.N.Y. Apr. 20, 2006)). Although petitioner argues that the administrative remedy process would be futile here, he did file a complaint to the Warden of MDC regarding his medical care two weeks after he filed the instant petition. See Government's Response in Opposition at 4-5. However, the Court need not address petitioner's failure to exhaust his

3

administrative remedies as petitioner's instant claims have been made moot by his release from incarceration.

Mootness

"In general, if an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [petitioner], the matter becomes moot and subject matter jurisdiction is lost." In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007) (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) and Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). To avoid having the petition dismissed as moot, the petitioner "bear[s] the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." United States v. Mercurris, 192 F.3d 290, 294 (2d Cir. 1999). Here, petitioner was transferred out of the MDC subsequent to his filing of this petition and was released from BOP custody on November 30, 2007. Thus, the matter raised by the petition is moot and the Court lacks subject matter jurisdiction.

## CONCLUSION

Accordingly, the petition is dismissed for lack of subject matter jurisdiction. Petitioner's alternate request for a writ of mandamus is likewise dismissed. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: July 16, 2008
Brooklyn, New York

4